UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stacey L. Parson, #40462-004, | C/A No. 9:12-407-JMC-BM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mildred L. Rivera, Warden, F.C.I. Estill, | |
| Respondent. | |

Stacey L. Parson ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner incarcerated at the FCI-Estill in Estill, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

Petitioner alleges that he received a life sentence on October 9, 1996, in the United States District Court for the Southern District of Florida for a conviction of conspiracy to possess with intent to distribute [a controlled substance]. Pet. 2-3, ECF No. 1. He alleges that he filed an unsuccessful direct appeal to the Eleventh Circuit Court of Appeals, and he filed an unsuccessful habeas petition pursuant to 28 U.S.C. § 2255, which was "affirmed" on June 29, 2001. Pet. 4. This Court takes judicial notice that Petitioner did file a § 2255 habeas petition in the United States District Court for the Southern District of Florida, and that the petition was denied on July 31, 2001. *See* Final Judgment, *Parson v. United States*, No. 9:00-cv-8953-DTKH (S.D.Fl. July 31, 2001), ECF No. 13. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

In the above-captioned case, Petitioner seeks relief from his life sentence, and he requests "that he be resentenced without the application of an § 851 enhancement." Pet. 9. Petitioner raises two grounds for the relief.[1] First, he alleges that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*)[2] (on direct appeal, vacating Simmons' sentence which contained a mandatory enhancement under the Controlled Substances Act because his prior North Carolina convictions could not serve as prior felony drug offenses), his sentence enhancement is now improper. Pet. 8. He alleges that the § 851 enhancement was error because he "did not have a prior conviction that required him to serve more than one year." *Id.* Petitioner alleges that his sentence was enhanced based on several prior Florida drug convictions, and that, based on new case law in the Supreme Court and the Fourth Circuit, those convictions could no longer serve as predicate felony offenses. He alleges that because he "never received a sentence of one year imprisonment for any prior conviction (see P.S.R. section 55, 56 and 58)," then the statutory enhancement could not apply to him. *See* ECF 1-1 at 6. Petitioner attached two pages of what appears to be a copy of his presentence report. *See* ECF 1-2 at 1-2. That document purports to show that the most imprisonment Petitioner received in Florida was five months for the sale and possession of cocaine. *Id.*

Secondly, Petitioner alleges that because the United States failed to strictly comply with the procedural requirements of 21 U.S.C. § 851 by notifying him "as to how much additional

---

[1] He also filed a brief in support of his § 2241 Petition. *See* ECF 1-1 at 1-12.

[2] Petitioner's argument is also based on the Supreme Court's decision, *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010).

2

punishment he may be exposed to as [a] result of pr[e]vious convictions," the court lacked jurisdiction to enhance his sentence. Pet. 8.

Petitioner alleges that the savings clause contained in § 2255 permits him to seek relief pursuant to § 2241 because his sentence is fundamentally flawed and a miscarriage of justice will occur if he is not permitted to proceed under § 2241. *See* ECF 1-1 at 2-4. He alleges that the savings clause applies because after he filed his first § 2255 motion there has been new case law which renders his sentence unlawful. *Id.*

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court,[3] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *see*

---

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).



3

*Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

A threshold question is whether Petitioner's claims are properly raised in this Court pursuant to 28 U.S.C. § 2241. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). Petitioner is attacking the validity of his sentence, and this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":



4

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).

In this case, Petitioner argues that the savings clause permits him to bring his claims within the § 2241 Petition before this Court. However, this Court disagrees. Assuming that Petitioner can satisfy the *In re Jones* elements one and three,[4] he cannot satisfy element two. Although Petitioner seems to argue that based on *Carachuri-Rosendo*, he is incarcerated for conduct which the law no longer makes criminal, he does not allege that he did not commit the underlying criminal offense of conspiracy to possess with intent to distribute a controlled substance. Rather, Petitioner challenges the use of his prior Florida convictions as predicate offenses to enhance his sentence under the Controlled Substances Act. The reach of the savings clause has not been extended to prisoners who challenge only their sentences. *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009). *See also United States v. Poole*, 531 F.3d

---

[4] It is not clear whether element three is satisfied. Petitioner could seek leave to file a second § 2255 petition from the Court of Appeals for the Eleventh Circuit on the ground that § 2255(h)(2) is satisfied. *Cf. Farrior v. United States*, No. 5:11-263-H, 2011 WL 5830433 (E.D.N.C. Nov. 17, 2011) (in a § 2255 case pertaining to a felon in possession of a firearm offense, the court decided that *Carachuri-Rosendo* announced a new substantive rule that applies retroactively to cases on collateral review). Of course, this Court does not purport to know whether such an argument would be successful.



5

263, 267 n.7 (4th Cir. 2008). Although both *Carachuri-Rosendo* and *Simmons* were decided after Petitioner's § 2255 petition was denied, those cases did not discuss Florida criminal statutes, and *Simmons* was a direct appeal of a criminal conviction.[5] Therefore, this Court does not have jurisdiction to decide the § 2241 Petition because it challenges the validity of Petitioner's sentence and he cannot meet the savings clause.

As to Petitioner's argument that the sentencing court lacked jurisdiction to enhance his sentence because the United States failed to strictly comply with the procedural requirements of 21 U.S.C. § 851, that claim could have been raised in his previous § 2255 Petition. Petitioner does not allege any reason why he could not have pursued the claim in his prior § 2255 Petition in the sentencing court. If Petitioner desires to bring a "second or successive" motion under § 2255, Petitioner must receive permission to do so from the court of appeals in which circuit the sentencing district court sits, in this case, the Eleventh Circuit. *See* Title 28 U.S.C. § 2255; 28 U.S.C. § 2244(a).

### Recommendation

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return.

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

March 6, 2012
Charleston, South Carolina

---

[5] Moreover, Petitioner asserts that he did not receive a sentence of more than one year for any prior Florida drug conviction, but he does not allege that the Florida statutes prohibited him from receiving more than one year as a sentence.

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



7