# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | | |
|---|---|---|
| Stacey L. Parson, | ) | |
| | ) | Civil Action No. 9:12-cv-00407-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Mildred L. Rivera, Warden FCI Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Stacey L. Parson ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the validity of a sentencing enhancement under 21 U.S.C. § 851.  (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling.  On March 6, 2012, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the Petition.  (ECF No. 8.)  This review considers Petitioner's Response to Magistrate's Recommendation ("Objections"), filed March 26, 2012.  (ECF No. 10.)  For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report.  The court thereby **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own.  (*See* ECF No. 8.)  The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is incarcerated at the Federal Correctional Institution in Estill, South Carolina.

1

(ECF No. 1 at 1.)  Petitioner was convicted of conspiracy to possess a controlled substance with intent to distribute and was given a life sentence on October 9, 1996.  (*Id.* at 2-3.)  The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction on May 13, 1999. (*Id.* at 4; *see also* ECF No. 1-1 at 2.)  Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 "challenging many issues of sentencing which was denied July 31, 2001."  (ECF No. 1-1 at 2.)  Petitioner filed this petition under § 2241 on February 14, 2012. (ECF No. 1.)  Petitioner argues that the application of 21 U.S.C. § 851 to enhance his sentence from 10 years to life in prison is now improper under the Supreme Court decision in *Carachuri-Rosendo v. Holder,* 560 U.S. 563 (2010), as his prior convictions did not qualify as "felony offenses" because he had not served one year or more in prison.  (ECF No. 1-1 at 6.)  Petitioner further argues that the sentencing court lacked jurisdiction to enhance his sentence because the Government failed "to comply with the strict 21 U.S.C. § 851 procedural requirements."  (ECF No. 1 at 8.)  On March 6, 2012, the Magistrate Judge issued the Report recommending the court summarily dismiss the Petition.  (ECF No. 8.)

In the Report, the Magistrate Judge found that Petitioner could not proceed with his challenge to the validity of his sentence, which is more appropriately challenged under § 2255, under § 2241 because he had not satisfied the requirements of the "savings clause" of § 2255(e). (*Id.* at 4-5.)  The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  To determine if relief under § 2255 is inadequate, a petitioner must show: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the

legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion,

the substantive law changed such that the conduct of which the prisoner was convicted is deemed

not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255

because the new rule is not one of constitutional law." *In re Jones,* 226 F. 3d 328, 333-34 (4th

Cir. 2000). The Magistrate Judge found that even if Petitioner could satisfy elements one and

three of *In Re Jones[1],* he could not satisfy element two. (ECF No. 8 at 5.) The Magistrate Judge

noted that although Petitioner argued that under *Carachuri-Rosendo* he is incarcerated for

conduct the law no longer makes criminal, "he does *not* allege that he did not commit the

underlying criminal offense of conspiracy to possess with intent to distribute a controlled

substance." (*Id.* (emphasis in original).) The Magistrate Judge also found that Petitioner's

argument that the sentencing court lacked jurisdiction to enhance his sentence because the

Government failed to comply with procedural requirements "could have been raised in his

previous § 2255 Petition" and that Petitioner had not alleged any reasons why he could not have

pursued this claim in his previous petition. (*Id.* at 6.)

Petitioner timely filed his Objections on March 26, 2012. (ECF No. 10.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and

Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a

recommendation to this court. The recommendation has no presumptive weight. The

responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423

U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those

---

[1] The Magistrate Judge stated that it was not clear whether element three is satisfied, noting
Petitioner could seek leave to file a successive § 2255 Petition, but "this Court does not purport
to know whether such an argument would be successful." (ECF No. 8 at 5 n.4.)

portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

In his Objections, Petitioner first argues that his challenge to the categorization of the predicate offenses as felony offenses "necessarily affects the legitimacy of punishment arising out of the underlying offense, as it relates to § 851. To this end, to separate the predicate challenge from the underlying offense is inconsequential to the claimed error." (ECF No. 10 at 2.) The court disagrees. Factor two of *In re Jones* requires that "the substantive law changed

4

such that *the conduct of which the prisoner was convicted* is deemed not to be criminal." 226 F. 3d at 334 (emphasis added). Petitioner makes no such claim. He claims only that in light of the *Carachuri-Rosendo* decision that the offenses used to enhance his sentence would be categorized differently. Petitioner makes no showing that the conduct of which he was convicted for the underlying offense is no longer criminal, nor even any showing that the conduct for the predicate offenses is deemed to no longer be criminal. Petitioner claims only that the predicate offenses would not be categorized as felony offenses. As such, he cannot qualify for the savings clause and relief under § 2241 is unavailable.

Petitioner next appears to argue that the reason he had not previously pursued his argument regarding the Government's alleged procedural failure in his first § 2255 petition was because the change in law came after that petition was filed. (ECF No. 10 at 5.) Petitioner fails, however, to explain how any change in law affects the alleged procedural failure. If, indeed, the Government failed to properly comply with procedural requirements at the time of Petitioner's sentencing, that issue would have been known to Petitioner at the time he filed his first § 2255 petition. If, however, this issue simply became known to Petitioner after his initial § 2255 petition was filed, he could have sought leave to file a second § 2255 petition to argue the alleged procedural failure. Regardless, Petitioner has failed to demonstrate how § 2241 is the appropriate avenue for this argument, and thus dismissal is appropriate on this ground as well.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 8). It is therefore ordered that the Petition (ECF No. 1) is **DISMISSED** with prejudice.

**Certificate of Appealability**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

January 7, 2015
Columbia, South Carolina